* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. Deputy Commissioner Chrystal Redding Stanback initially heard this matter on May 13, 2003. Deputy Commissioner Stanback filed an Opinion and Award on July 23, 2004, which found Employee-Plaintiff's claim to be compensable. The Defendants appealed Deputy Commissioner Stanback's Opinion and Award to the Full Commission. On September 27, 2005, the Full Commission filed an Opinion and Award, which affirmed Deputy Commissioner Stanback's decision in part and also remanded this case for the taking of additional evidence regarding Plaintiff's disability, if any, after July 15, 2003.
 * * * * * * * * * * * EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Plaintiff's Exhibit Number 1, Tax Return prepared by Libby's Tax Service for the year 2003
3. Plaintiff's Exhibit Number 2, Tax Return prepared by Libby's Tax Service for the year 2004
4. Plaintiff's Exhibit Number 3, Tax Information prepared by Plaintiff's Wife for the year 2005
5. Plaintiff's Exhibit Number 4, Photograph of Plaintiff's shop
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff had been employed as a driller with Defendant-Employer for 12 years when he developed bilateral carpal tunnel syndrome as a direct result of his employment.
2. Plaintiff came under the care of Dr. Peter R. Bronec for the treatment of his bilateral carpal tunnel syndrome. On January 16, 2003, Dr. Bronec assigned Plaintiff a 10% permanent partial disability rating to each hand due to the severe case of bilateral carpal tunnel from which Plaintiff suffered. On August 27, 2002, Dr. Bronec provided Plaintiff with specific work restrictions for his driller position with Defendant-Employer. On October 1, 2002, Dr. Bronec continued Plaintiff's previous work restrictions and added the following: avoid repetitive flexion or extension of the wrist, avoid repetitive strenuous grasping and vibration, avoid heavy lifting and using the "hands as a hammer." On July 15, 2003, Dr. Bronec released Plaintiff from his care with permanent work restrictions as outlined in October 1, 2002.
3. On May 30, 2002, Defendants effectively terminated Plaintiff from employment when they sent company employees to pick up Plaintiff's company truck. As of the date of the hearing before the Deputy Commissioner, Defendants had not offered Plaintiff any employment or assistance through vocational rehabilitation.
4. Plaintiff testified that although he continues to experience a loss of strength in both of his hands, the bilateral carpal tunnel release surgeries have relieved the numbness and tingling he experienced in his hands.
5. While working for Defendant-Employer, Plaintiff performed part-time automotive work. After Plaintiff was released from Dr. Bronec's care, Plaintiff elected to pursue his automotive employment as full-time work. Plaintiff's automotive shop is located next to his home and he performs work outside the shop when the weather permits. In performing his automotive duties, Plaintiff has abided by the work restrictions provided by Dr. Bronec. He is able to work at his own pace and take breaks when necessary to avoid problems with his hands.
6. Between July 16, 2003 and December 31, 2003, Plaintiff employed Dennis Carver to assist him with his automotive work. Mr. Carver performed the heavy work including lifting and torque application. Additionally, Mr. Carver performed any other duties that Plaintiff was unable to do as a result of his permanent work restrictions. Plaintiff provided free room and board in lieu of wages to Mr. Carver in exchange for his work in the automotive shop. During this period, Plaintiff's stepson, AJ, also assisted Plaintiff in the automotive shop when he was available. AJ was able to obtain parts for Plaintiff from his job with Advance Automotive in Roxboro, North Carolina. In the 169-day period between July 16, 2003 and December 31, 2003, Plaintiff earned $11,447.00 in gross wages, resulting in an average weekly wage of $474.14. ($11,447.00 divided by 169 days multiplied by 7 days). The difference in this amount and Plaintiff's pre-injury average weekly wage is $158.97. Two-thirds of this amount is $105.99. ($158.97 multiplied by 0.6667).
7. For the tax year of 2004, Libby's Bookkeeping and Tax Service prepared Plaintiff's individual income tax return. According to the tax return, Plaintiff earned $10,460.00 from his automotive shop. In this 365.25-day period, Plaintiff earned $10,460.00 in gross wages, resulting in an average weekly wage of $200.47. ($10,460.00 divided by 365.25 multiplied by 7 days). The difference in the amount and Plaintiff's pre-injury average weekly wage is $432.64. Two-thirds of this amount is $288.44. ($432.64 multiplied by 0.6667).
8. As instructed by Libby's Bookkeeping, Plaintiff's wife prepared a statement of income earned by Plaintiff's automotive shop from January 1, 2005 to November 30, 2005. In the 334-day period, Plaintiff earned $21,867.45 in gross wages, resulting in an average weekly wage of $458.30. ($21,867.45 divided by 334 days multiplied by 7 days). The difference in the amount and Plaintiff's pre-injury average weekly wage is $174.81. Two-thirds of this amount is $116.55. ($174.81 multiplied by 0.6667).
9. There is no evidence that Plaintiff failed to report all of his income for the tax years 2003, 2004, and 2005. The Full Commission finds the information provided by Plaintiff to be competent, credible evidence of his yearly earnings at his automotive shop for the years 2003, 2004, and 2005.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff remains disabled. N.C. Gen. Stat. § 97-53(13).
2. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff is entitled to receive temporary partial disability from July 16, 2003 through December 31, 2003, at the rate of two-thirds of the difference between his pre-injury average weekly wage of $633.11 and the average weekly wage he has earned from July 16, 2003 through December 31, 2003. N.C. Gen. Stat. § 97-30.
3. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff is entitled to receive temporary partial disability from January 1, 2004 through December 31, 2004, at the rate of two-thirds of the difference between his pre-injury average weekly wage of $633.11 and the average weekly wage he has earned from January 1, 2004 through December 31, 2004. N.C. Gen. Stat. § 97-30.
4. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff is entitled to receive temporary partial disability from January 1, 2005 through November 30, 2005, at the rate of two-thirds of the difference between his pre-injury average weekly wage of $633.11 and the average weekly wage he has earned from January 1, 2005 through November 30, 2005. N.C. Gen. Stat. § 97-30.
5. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff is entitled to receive two-thirds of the difference between his pre-injury average weekly wage of $633.11 and any wages earned since December 1, 2005 and continuing until 300 weeks from March 28, 2002, the date of his injury, or until further order of the Industrial Commission. N.C. Gen. Stat. § 97-30.
6. As a result of Plaintiff's development of bilateral carpal tunnel syndrome, Plaintiff is entitled to a 10% permanent partial disability rating to each hand. Plaintiff is entitled to elect the more munificent remedy for his disability. N.C. Gen. Stat. § 97-31(12).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff temporary partial disability compensation at the rate of $105.99 per week from July 16, 2003 through December 31, 2003. All compensation that has accrued shall be paid in one lump sum.
2. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff temporary partial disability compensation at the rate of $288.44 per week from January 1, 2004 through December 31, 2004. All compensation that has accrued shall be paid in one lump sum.
3. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff in lump sum temporary partial disability compensation at the rate of $116.65 per week from January 1, 2005 through November 30, 2005.
4. Subject to a reasonable attorneys' fee approved herein, Defendants shall pay Plaintiff temporary partial disability based upon two-thirds of the difference between his pre-injury average weekly wage of $633.11 and any wages earned since December 1, 2005 and continuing until 300 weeks from March 28, 2002, the date of his injury, or until further order of the Industrial Commission.
5. A reasonable attorney's fee of 25% of the compensation due Plaintiff under Paragraphs 1, 2, 3, and 4 of this Award is hereby approved for Plaintiff's counsel and shall be paid as follows: 25% of the compensation due Plaintiff shall be deducted and paid directly to Plaintiff's counsel in one lump sum. Thereafter, Defendants shall pay Plaintiff's counsel every fourth compensation check due Plaintiff.
6. Plaintiff is entitled to a 10% permanent partial disability rating to each hand. Plaintiff is entitled to elect the more munificent remedy for his disability.
6. Defendants shall pay the costs.
This 14th day of December 2006.
S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________________________ DIANNE C. SELLERS COMMISSIONER
 S/_____________________________ PAMELA T. YOUNG COMMISSIONER